IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATIONAL COUNCIL OF EXAMINERS FOR ENGINEERING AND SURVEYING, <br><br> Plaintiff, <br><br> v. <br><br> BETHZAIDA CAMERON-ORTIZ <br><br> Defendant. | Civil No. 07-1479 (SEC) |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY

Plaintiff National Council of Examiners for Engineering and Surveying ("NCEES") has moved for leave to take certain discovery. In support of that motion, NCEES states as follows:

1. NCEES filed its complaint against Defendant Bethzaida Cameron-Ortiz on June 6, 2007. Ms. Cameron-Ortiz was served on July 2, 2007. Her answer to NCEES' complaint was due July 23, 2007. However, as the Court noted in its August 9, 2007 show-cause Order, Ms. Cameron-Ortiz has not yet filed her answer or otherwise appeared. The time for doing so, as provided in Fed. R. Civ. P. 12(a), has expired. Therefore, Ms. Cameron-Ortiz is in default.

2. In a separate filing, Plaintiff has requested that the Clerk enter a default against Ms. Cameron-Ortiz in this action on the issue of liability. See Plaintiff's Request for Entry of Default. (filed Dec. 5, 2007).

3. On October 27, 2006, the Principals and Practice of Engineering ("PE") Civil Examination was administered at the University of Puerto Rico in Mayaguez by representatives of the Puerto Rico licensing board. Ms. Cameron-Ortiz took this exam. During the afternoon session, an exam proctor and the Chief Examiner suspected that Ms. Cameron-Ortiz was

inappropriately copying the exam contents.  After taking her to a private room, testing officials found various recording and transmitting devices sewn into the pockets of her jacket and in her bag, including: (1) a wireless audio/video transmitter module with a built in microphone, (2) a mini video camera, (3) a receiver, (4) a pocket video recorder, (5) a cradle used to connect to a TV or computer with audio/video input, and (6) two battery packs that Ms. Cameron-Ortiz could use to power the equipment in her possession.  A further review of this equipment revealed that Ms. Cameron-Ortiz duplicated, copied, and otherwise reproduced the contents of the exam material to which she had access.

4. Under normal circumstances, discovery would begin in a case upon the Court's issuance of the Order setting the date for an Initial Scheduling Conference, preceded by a meeting among the parties pursuant to Rule 26 of the Fed. R.Civ.P. In this case, however, because Ms. Cameron-Ortiz has failed to answer and is now in default, the Court has issued no such Order, and no conference has taken place.

5. Discovery is necessary to assist in quantifying the damages that NCEES may elect to pursue under the Copyright Act (see discussion infra), to help determine the scope of the non-monetary relief that is appropriate in this case, and to assist NCEES in learning as much as possible about Ms. Cameron Ortiz's unlawful actions and potential accomplices.

6. Under the Copyright Act, a prevailing plaintiff may elect to recover damages under either of two approaches:

**Actual Damages.**  Under 17 U.S.C. § 504(b), "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in

computing the actual damages." In establishing the infringer's profits, the copyright owner presents evidence of the infringer's revenue.

**Statutory Damages.** Under 17 U.S.C. § 504(c)(1), "the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000." Where the infringement was willful, statutory damages of up to $150,000.00 may be awarded. 17 U.S.C. § 504(c)(2).

7.  A prevailing plaintiff in a copyright infringement case is also entitled to injunctive relief. See 17 U.S.C. § 502.

8.  NCEES has not yet decided whether it will elect to request actual damages or statutory damages on its copyright claim. Discovery is needed to enable NCEES to make this determination based upon greater knowledge of Ms. Cameron-Ortiz's activities and the extent of her infringements. Discovery is also needed to determine the appropriate scope of injunctive relief.

9.  NCEES is seeking this limited discovery for the purpose of protecting its rights under the Copyright Act and protecting the integrity of the examination and licensure process for engineers. The discovery sought by NCEES is reasonable. NCEES will act expeditiously in taking the requested discovery.

WHEREFORE, for the foregoing reasons, Plaintiff NCEES respectfully requests that the Court grant its motion and permit Plaintiff to take the requested discovery.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico this  5th  day of December, 2007.

*Cancio, Nadal, Rivera & Diaz, P.S.C.*

P O Box 364966
San Juan, Puerto Rico  00936-4966
Telephone: (787) 767-9625
Facsimile:   (787) 764-4430/(787) 622-2238
adiaz@cnrd.com
mrivera@cnrd.com


s/Arturo Díaz Angueira
ARTURO DIAZ ANGUEIRA
USDC-PR No. 117907


s/ Marta L. Rivera Ruiz
MARTA L. RIVERA-RUIZ
USDC-PR-No. 221201

---

Robert A. Burgoyne
District of Columbia Bar No. 366757
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 662-4513
Facsimile:   (202) 662-4643
rburgoyne@fulbright.com

Attorneys for Plaintiff NCEES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATIONAL COUNCIL OF EXAMINERS<br>FOR ENGINEERING AND SURVEYING,<br><br>Plaintiff,<br><br>v.<br><br>BETHZAIDA CAMERON-ORTIZ<br><br>Defendant. | Civil No. 07-1479 (SEC) |

## ORDER

The Court having considered Plaintiff National Council of Examiners for Engineering and Surveying's Motion for Leave to Take Discovery, the Court hereby

**ORDERS** that Plaintiff may take discovery of Defendant Bethzaida Cameron-Ortiz, and such other individuals or entities from whom the Plaintiff may obtain discoverable information, for use in connection with this case, including a hearing to determine the damages and other relief to which NCEES is entitled on its claims; and the Court further

The Court directs the Clerk to forward copies of this Order to counsel of record for Plaintiff and to Defendant Bethzaida Cameron-Ortiz at the address listed on the summons.

**SO ORDERED**

In San Juan, Puerto Rico, this ____ day of _____, 2007.

Salvador E. Casellas<br>
U.S. Senior District Judge

65067145.1